UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAULETTE MENDLER, WIFE OF/AND JEFFREY MENDLER | CIVIL ACTION |
| VERSUS | NO: 08-4217 |
| LEROY DEROUEN, ET AL. | SECTION: R(3) |

**ORDER AND REASONS**

Before the Court is defendant Assurance Company of America's unopposed motion to dismiss for failure to state a claim. For the following reasons, the Court DENIES the motion.

**I.  Background**

This case arises out of a contract dispute between plaintiffs Paulette and Jeffrey Mendler and defendants Leroy Derouen and Designs-N-Wood, Inc. On January 5, 2006, plaintiffs contracted with Derouen and Designs-N-Wood to repair their home in Orleans Parish. Derouen and Designs-N-Wood began work on the house shortly thereafter. On July 29, 2008, plaintiffs sued

Derouen and Designs-N-Wood in state court.  Plaintiffs also named as defendants Travelers Insurance Company, the insurer of Derouen and Designs-N-Wood, and Assurance Company of America (ACA), the builder's risk insurer of the plaintiffs.  Plaintiffs allege that defendants breached their guarantee to finish the job within six weeks. (Complaint at ¶5).  Plaintiffs also allege that defendants' faulty workmanship caused additional damage to their house.  Specifically, plaintiffs allege that Derouen and Designs-N-Wood: (1) improperly installed and repaired all doors on the first floor; (2) improperly installed and repaired all windows on the first floor; (3) improperly set the floor on plywood; (4) improperly installed the trim; (5) improperly installed and manufactured the kitchen cabinetry; (6) improperly painted latex paint over oil base paint; (7) improperly installed and finished sheet rock and (8) improperly painted sheet rock. (Complaint at ¶10).  Plaintiffs claim that "essentially all work" had to be re-done and seek the damages they incurred in redoing the repairs. (Complaint at ¶12).

The case was removed to federal court on August 18, 2008. Defendant ACA now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. Doc. 4).

**II. Discussion**

In considering a motion to dismiss, a court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (quotation marks, citations, and footnote omitted).

ACA contends that plaintiffs have failed to state a claim against ACA because losses resulting from faulty workmanship are specifically excluded under plaintiffs' builder's risk insurance policy. In its motion to dismiss, ACA quotes language from the "Exclusions" section of the insurance policy. ACA, however, failed to attach the insurance policy to its motion to dismiss, and plaintiffs did not attach the insurance policy to the original complaint. The Court recognizes that it may consider an insurance policy attached to a motion to dismiss as part of the

3

pleadings if the document is referred to in the complaint and central to plaintiffs' claims. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). But here, the relevant insurance policy is simply not in the record. Without reviewing the policy, the Court cannot say that the policy provisions extinguish plaintiffs' claims against ACA. The Court further notes that although plaintiffs have failed to oppose this motion, the Fifth Circuit has recognized that the failure to respond to a motion alone does not justify a dismissal with prejudice. *See Johnson v. Pettiford,* 442 F.3d 917, 919 (5th Cir. 2006); *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980). Accordingly, the Court DENIES ACA's motion to dismiss.

New Orleans, Louisiana, this 29th day of December, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE