UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAULETTE MENDLER, WIFE OF/AND                CIVIL ACTION
JEFFREY MENDLER

VERSUS                                        NO: 08-4217

LEROY DEROUEN, ET AL.                         SECTION: R(3)

**ORDER AND REASONS**

Before the Court is defendant Assurance Company of America's unopposed motion for reconsideration. For the following reasons, the Court GRANTS the motion.

**I.  Background**

This case arises out of a contract dispute between plaintiffs Paulette and Jeffrey Mendler and defendants Leroy Derouen and Designs-N-Wood, Inc. On January 5, 2006, plaintiffs contracted with Derouen and Designs-N-Wood to repair their home in Orleans Parish. Derouen and Designs-N-Wood began work on the house shortly thereafter. On July 29, 2008, plaintiffs sued Derouen and Designs-N-Wood in state court. Plaintiffs also named as defendants Travelers Insurance Company, the insurer of Derouen and Designs-N-Wood, and Assurance Company of America (ACA), the builder's risk insurer of the plaintiffs. Plaintiffs allege that defendants breached their guarantee to finish the job within six

weeks. (Complaint at ¶5). Plaintiffs also allege that defendants' faulty workmanship caused additional damage to their house. Specifically, plaintiffs allege that Derouen and Designs-N-Wood: (1) improperly installed and repaired all doors on the first floor; (2) improperly installed and repaired all windows on the first floor; (3) improperly set the floor on plywood; (4) improperly installed the trim; (5) improperly installed and manufactured the kitchen cabinetry; (6) improperly painted latex paint over oil base paint; (7) improperly installed and finished sheet rock and (8) improperly painted sheet rock. (Complaint at ¶10). Plaintiffs claim that "essentially all work" had to be re-done and seek the damages they incurred in redoing the repairs. (Complaint at ¶12).

The case was removed to federal court on August 18, 2008. On September 15, 2008, defendant ACA moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. Doc. 4). ACA contended that all claims plaintiffs asserted against ACA were excluded from coverage because the builder's risk insurance policy specifically excluded coverage for damage resulting from faulty workmanship. (R. Doc. 4). Plaintiffs did not oppose the motion. Because the insurance policy alleged to exclude coverage was not in the record, the Court denied the motion to dismiss. (R. Doc. 6). ACA now moves

for reconsideration and has submitted the insurance policy to the Court. (R. Doc. 8-2).

## II. Legal Standard

### A. Motion for reconsideration

A district court has considerable discretion to grant or deny a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (quotation omitted). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

### B. Motion to dismiss

In considering a motion to dismiss, a court must accept all

well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (quotation marks, citations, and footnote omitted).

**III. Discussion**

In its first motion to dismiss, ACA contended that plaintiffs failed to state a claim against ACA because losses resulting from faulty workmanship are specifically excluded under plaintiffs' builder's risk insurance policy. ACA quoted language from the "Exclusions" section of the insurance policy. ACA, however, failed to attach the insurance policy to its motion to dismiss, and plaintiffs did not attach the insurance policy to the original complaint. Because the Court could not review the policy, it could not determine whether the policy provisions

4

extinguished plaintiffs' claims against ACA.

ACA has now attached the insurance policy in question. The Court recognizes that it may consider an insurance policy attached to a motion to dismiss as part of the pleadings if the document is referred to in the complaint and central to plaintiffs' claims. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). The insurance policy in question certainly fits this criteria, as plaintiffs' contract claim against ACA is premised on the insurance policy. Because of this new evidence, the Court will reconsider its earlier Order.

According to Louisiana law, an insurance policy is a contract that constitutes the law between the parties, and it must be interpreted in accordance with the general rules of contract interpretation set forth in the Louisiana Civil Code. *See Peterson v. Schimek*, 729 So. 2d 1024, 1028 (La. 1999) (citing La. Civ. Code art. 1793); *Ledbetter v. Concord Gen. Corp.*, 665 So. 2d 1166, 1169 (La. 1996); *Crabtree v. State Farm Ins. Co.*, 632 So. 2d 736 (La. 1994)); *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 420 (La. 1988). The extent of insurance coverage is determined by the parties' intent as reflected by words in the policy. *See* La. Civ. Code art. 2045; *Peterson*, 729 So. 2d at 1028 (citing *Ledbetter*, 665 So. 2d at 1169). If the policy wording is

clear, and it expresses the intent of the parties, the agreement must be enforced as written. La. Civ. Code art. 2046; *Pareti*, 536 So. 2d at 420. If an ambiguity exists, the ambiguity must be construed in favor of the party seeking coverage. *Id.*

Plaintiffs allege that defendants breached their guarantee to finish the job within six weeks and that defendants' faulty workmanship caused damage to their house. (Complaint at ¶¶5-12). Both of these claims are excluded from coverage under plaintiffs' builder's risk insurance policy. Under the "Exclusions" section, the policy provides:

> 2. We will not pay for a *loss* caused by or resulting from any of the following:
>
>    a. Delay, loss of use, or loss of market.
>
>    ***
>
> 3. We will not pay for a *loss* caused by or resulting from any of the following. But if *loss* by a Covered Cause of Loss results, we will pay for the resulting *loss* caused by that Covered Cause of Loss.
>
>    c. Faulty, inadequate or defective:
>
>       (1) Planning, zoning, development, surveying, siting;
>
>       (2) Design, specifications, *workmanship*, repair, construction, renovation, remodeling, grading, compaction;
>
>       ***

6

(R. Doc. 8-2) (emphasis added). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046. Here, the exclusions unambiguously apply to plaintiffs' claims against ACA, and thus it is clear that plaintiffs have not pleaded "a claim to relief that is plausible on its face" against ACA. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). Moreover, although the Court recognizes that the failure to respond to a motion alone does not justify a dismissal with prejudice, *see Johnson v. Pettiford,* 442 F.3d 917, 919 (5th Cir. 2006), the Court notes that plaintiffs have not opposed the motion. Accordingly, because plaintiffs' claims against ACA are excluded under their insurance policy, their claims against ACA must be dismissed.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS ACA's unopposed motion for reconsideration and DISMISSES all claims against defendant ACA WITH PREJUDICE.

New Orleans, Louisiana, this 18th day of February, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE